Argued March 23; reversed April 6, 1943

In re Hiller's Estate

# SMITH *v.* GAHLSDORF

(135 P. (2d) 462)

Before Bailey, Chief Justice, and Kelly, Lusk, Brand and Hay, Associate Justices.

*Frank H. Hilton,* of Portland (Robert G. Closter-mann, of Portland, on the brief), for appellant.

*Carson & Carson,* of Salem, for respondent.

■ BRAND, J. The foregoing bare outline of the various proceedings is sufficient to present the only issues which are before us. We quote with approval from respondent's brief: "The record in this proceeding borders the fantastic." The first question for determination is whether the order of February 3rd by the county court was void because of the prior transfer of jurisdiction to the circuit court. The order of February 3rd was not void. The county court retained jurisdiction over all matters in the estate of Joseph Hiller except the contested matter described in the county court's order of transfer. That order transferred only the proceedings "relative to the setting aside of an order for the appointment of Pioneer Trust Co." After the foregoing "contested

matter'' was transferred from the county court to the circuit court the Pioneer Trust Company filed a formal refusal to accept the appointment. The contest arose by reason of a motion filed by Smith and Clostermann in which the only relief sought was an order setting aside the appointment of the Pioneer Trust Company. Upon the refusal of that company to serve, the only contest which had been transferred was thereby terminated. Smith and Clostermann had no necessity or right to insist upon contesting in the circuit court the appointment of a company which had refused to be appointed.

■ Although on November 29th, 1940, the county court had accepted Smith's resignation, he had not filed a final account, nor had he been discharged, and the order of February 3rd, 1941, recites that Smith has continued and is willing to serve and directs that he be continued on as administrator d. b. n. On August 5th, 1941, the circuit court, which had then been vested with general probate powers (Laws of 1941, p. 701, Chap. 412) acquired jurisdiction of all proceedings in the matter of the estate of Joseph Hiller, deceased. It then acquired and will continue to have power to determine whether or not the administrator should be removed, to approve or disapprove his acts, to pass upon his compensation and to determine the issues relative to alleged extraordinary services, if any.

■ But when the circuit court on August 5th, 1941, declared the February 3rd order of the county court to be void, directed Smith to account and appointed Gahlsdorf as administrator d. b. n., Smith was lawfully acting as administrator. The purported effect of the circuit court order of August 5th was to remove him. The order was made, as appears from the abstract,

"without notice and without a petition being filed or hearing had to which the administrator was invited or of which he was notified." Respondent agrees that the order was entered by the court "sua sponte." The statute, O. C. L. A., 19-226, provides:

> "Whenever it appears probable to the court or judge that any of the causes for removal of an executor or administrator exists or have transpired, as specified in section 19-222, it shall be the duty of such court or judge to cite such executor or administrator to appear and show cause why he should not be removed * * *."

If the court was then of the opinion, or if in the future it shall appear probable, that there is cause for removal, the plain provisions of the statute require that a citation should issue.

The pronouncement of Daniel Webster in the Dartmouth College case must remain the charter of individual liberty and mark the boundary of judicial prerogative. Ours is

> "* * * a law which hears before it condemns, which proceeds upon inquiry, and renders judgment *only after trial.*"

The order of August 5th is reversed and the case remanded to the circuit court for such further proceedings in the matter of the estate of Joseph Hiller as may be deemed proper. Neither party shall recover costs.